```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
          Respondent,               )
                                    )
     v.                             )    Cr. No. 11-004-04 S
                                    )
RICHARD BONAFIGLIA,                 )
                                    )
          Petitioner.               )
                                    )
_____)
```

## ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Petitioner Richard Bonafiglia's Motion for Compassionate Release from Prison ("Motion"). (ECF No. 272.) Petitioner asks this Court to release him from federal prison, pursuant to 18 U.S.C. § 3582(c)(1)(A), due to the severity of various medical conditions. (Id.) The Government opposes the Motion on the grounds that 18 U.S.C. § 3582 is inapplicable because, under the statute, a motion for compassionate release must be filed by the Director of the Bureau of Prisons ("BOP"). (ECF No. 273.) For the reasons outlined below, Petitioner's Motion is DENIED.

I. Background

In 2012, Petitioner pleaded guilty to a charge of conspiracy to participate in a racketeering enterprise, in violation of the Racketeer Influenced and Corrupt Organizations

Act ("RICO"), 18 U.S.C. § 1962(d). This Court sentenced Petitioner to eighty-four (84) months incarceration and three (3) years of supervised release, with a special assessment of $100.00.

Petitioner is currently incarcerated at Cumberland Federal Correctional Institution in Cumberland, Maryland, and has been in federal custody since March 1, 2011. He filed this Motion by way of letter to the Court on April 4, 2016. In his Motion, Petitioner details his various medical conditions, including prostate cancer and kidney cysts, and requests that this Court consider granting him compassionate release from prison, pursuant to 18 U.S.C. § 3582(c)(1)(A). (See ECF No. 272.)

II. Discussion

As a general rule, the Court has the power to modify a federal inmate's sentence only if it has the statutory authority to do so. Morales v. United States, 353 F. Supp. 2d 204, 205 (D. Mass. 2005) (internal citations omitted). Unless a situation falls within one of the exceptions described in 18 U.S.C. § 3582(c), a court cannot modify an imposed term of imprisonment. Id. Inmates with serious medical conditions may fit into the first exception under the statute, 18 U.S.C. § 3582(c)(1)(A), also known as the "compassionate relief" provision, in certain circumstances. See 18 U.S.C. § 3582(c)(1)(A); Morales, 353 F.Supp. 2d at 205. But §

2

3582(c)(1)(A) provides the Court with the authority to modify a term of imprisonment only "upon motion of the Director of the Bureau of Prisons . . . if it finds that -- (i)extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).  Thus, under § 3582(c)(1)(A), the Court cannot modify a term of imprisonment unless specifically petitioned by the Director of the BOP.  United States v. Gomez-Morales, 528 F. Supp. 2d 13, 14 (D.P.R. 2007); Morales, 353 F. Supp. 2d at 205; see Engle v. United States, 26 Fed. App'x. 394, 397 (6th Cir. 2001) (affirming district court's ruling that it lacked the authority to grant compassionate release to a terminally ill prisoner without motion from the BOP).

In this case, Petitioner personally filed a motion for compassionate release with the Court. (ECF No. 272.) Because the Director of the BOP did not petition the Court for a reduction in sentence under § 3582(c)(1)(A), this Court lacks the authority to grant Petitioner's Motion.[1]  Should Petitioner

---

[1] Additionally, the Government argues that the Court should deny the Motion because Petitioner has not provided the Government or the Court with documentation proving the serious medical conditions that Petitioner claims warrant release for "extraordinary and compelling reasons." (ECF No. 273 (quoting 18 U.S.C. § 3582(c)(1)(A)(i))).  Even if the Petitioner were to provide such documentation, this Court still would not have the authority to grant Petitioner's Motion.  See Morales, 353 F. Supp. 2d at 205.

wish to pursue this request, the BOP has established an administrative process for inmates who seek compassionate release under § 3582(c)(1)(A). This process is outlined in 28 C.F.R. § 571.61-571.64.

III. Conclusion

Absent a petition from the Director of the BOP, this Court does not have the statutory authority to modify a term of imprisonment for "extraordinary or compelling circumstances" under 28 U.S.C. § 3582(c)(1)(A). Petitioner must proceed through the administrative process referenced above in order to obtain the relief he seeks. For these reasons, Petitioner's Motion for Compassionate Release from Prison is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: July 22, 2016